IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rudolpho Guerrero,         )<br>                            )<br>            Petitioner,  )<br>                            )<br>     v.                    )<br>                            )<br>Dora B. Schriro, et al.,    )<br>                            )<br>            Respondents. )  | CIV 06-872 EHC PCT (VAM)<br><br>REPORT AND RECOMMENDATION |

TO THE HONORABLE EARL H. CARROLL, U.S. DISTRICT JUDGE.

Rudolpho Guerrero ("petitioner") filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner raises four grounds for relief in the petition. (Doc. 1 at pp. 5-8 and Attached Pages). Respondents filed an answer opposing the granting of habeas relief. (Doc. 8).

### A. BACKGROUND

Petitioner pleaded guilty to one count of second degree murder and one count of aggravated assault in June, 1991. (Doc. 8 at Exhibits A, B and C). As a result of the guilty pleas, petitioner was sentenced to a total of 35 years in prison. (Id., Exhibit C at pp. 3-4).

Petitioner's counsel filed an appeal in the Arizona Court of Appeals pursuant to Anders v. California, 386 U.S. 738 (1967). (Doc. 8, Exhibit D at pp. 1-2). Petitioner was granted additional time to file a supplemental brief but did not do so. As a result, the Arizona Court of Appeals reviewed his convictions and

1    sentences for fundamental error and affirmed the convictions and
2    sentences in a memorandum decision entered on June 9, 1992.  (<u>Id.</u>,
3    Exhibit D at pp. 2-3).

4    　　　By petitioner's own timeline, he had nothing pending in state
5    court until he filed a Notice of Post-Conviction Relief in the
6    trial court in March, 1999.  (Doc. 1 at p. 2).  Petitioner did not
7    file a petition in this proceeding until April 4, 2005.  (Doc. 1
8    at p. 2; Doc. 8 at Exhibit E).  The trial court dismissed the Rule
9    32 in an order filed on August 1, 2005.  (Doc. 8 at Exhibit F).
10   Petitioner states he did not seek review of this dismissal in
11   either the Arizona Court of Appeals or Arizona Supreme Court.
12   (Doc. 1 at p. 2).

13   　　　On January 23, 2006, petitioner filed a Petition for Special
14   Action in the Arizona Court of Appeals.  (Doc. 8 at Exhibit G).
15   The Arizona Court of Appeals issued an order on January 30, 2006,
16   declining to accept jurisdiction.  (Doc. 8 at Exhibit H).
17   Petitioner did not seek review in the Arizona Supreme Court.
18   (Doc. 1 at p. 3).

19   　　　On March 27, 2006, petitioner filed a federal habeas corpus
20   petition raising the following grounds for relief:

21   　　　**GROUND I:** Lack of Jurisdiction (subject matter)
   　　　Amendments, VI, XIV, Section 1 to United States
22   　　　Constitution

23   　　　**GROUND II:** Denial of Right to Effective Assistance of
   　　　Counsel Amendment VI to United States Constitution
24
   　　　**GROUND III:** Constructive Denial of Counsel Altogether
25   　　　Amendment VI of the United States Constitution

26   　　　**GROUND IV:** Denial of Right to Appeal Amendment XIV,
   　　　Section 1 to United States Constitution
27

28                                    2

(Doc. 1 at pp. 5-8 and Attachments).

## B. DISCUSSION

Respondents contend that all petitioner's claims are barred by the 1-year statute of limitations provided at 28 U.S.C. § 2244(d)(1). (Doc. 8 at pp. 2-3). Alternatively, they contend that all claims are procedurally defaulted. (Id. at pp. 3-7).

**A. Statute of Limitations**

As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. This provision, codified at 28 U.S.C. § 2244, states, in pertinent part:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> In Calderon v. United States District Court for the Northern

3

District of California ("Beeler")(en banc), 128 F.3d 1283 (9th Cir. 1997), the Ninth Circuit addressed the new limitations period contained at 28 U.S.C. § 2244(d)(1). The Court noted that prior to § 2244(d)'s enactment "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition" and that "delays of more than a decade did not necessarily bar a prisoner from seeking relief." Beeler, 128 F.3d at 1286.

The Court noted, however, that the provisions of § 2244(d) "dramatically changed this landscape" and a petitioner was now "required to file his habeas petition within one year of the date his process of direct review came to an end." Id. The Court, following other circuits, also held that the period of limitations "did not begin to run against any state prisoner prior to the statute's date of enactment" of April 24, 1996. Beeler, 128 F.3d at 1287. Thus, all federal habeas corpus claims concerning state court judgments finalized prior to April 24, 1996, had to be filed by April 23, 1997,[1] or they were barred by the statute of limitations absent a showing the circumstances surrounding the filing of the petition fell into one of the categories listed in § 2244(d)(1)(B)-(D).

The Beeler Court also held § 2244(d) established a customary statute of limitations period "subject to equitable tolling." Id. at 1288-89. The statute itself provided for tolling the

---

[1] The Ninth Circuit has held that, pursuant to the counting provisions outlined in Fed.R.Civ.P. 6, the one-year limitations period for all habeas petitioner's challenging convictions or sentences finalized prior to the April 24, 1996 effective date of the AEDPA is April 24, 1997. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

4

limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  However, the Court cautioned that equitable tolling of the limitations period "will not be available in most cases but will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288-89 (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (3rd Cir. 1997)).

**B. Application of Law to Facts of the Case**

The Arizona Court of Appeals issued its decision affirming petitioner's convictions and sentences on June 9, 1992.  (Doc. 8 at Exhibit D).   Petitioner states he did not seek review before the Arizona Supreme Court and, although no documentation is included in the record, further states that the Arizona Court of Appeals issued its order and mandate in this matter on July 17, 1992.  (Doc. 1 at p. 2).  As a result, petitioner's direct appeal became final at that time.

The statute of limitations found at 28 U.S.C. § 2244(d)(1) requires that all habeas applicants filing habeas challenges to convictions and/or sentences finalized prior to the law's effective date of April 24, 1996, must file such challenges no later than April 24, 1997.  See Patterson, 251 F.3d at 1246.  By his own admission, petitioner had nothing pending in state court after his direct appeal ended until he filed a Notice of Post-Conviction Relief in March, 1999.  (See Doc. 1 at p. 2; Doc. 8 at p. 3).  Although a properly failed petition for post-conviction or

other collateral relief tolls the running of the statute of limitations, see 28 U.S.C. § 2244(d)(2), once the limitations period expires such proceedings cannot save an untimely claim. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003).

Petitioner has presented no basis for equitable tolling of the statute of limitations and no basis is apparent from the record. As a result, all petitioner's claims are time-barred.[2]

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus be denied as untimely.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's order and judgment. The parties shall have ten (10) days from the date of service of this Report and Recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's

---

[2] Because petitioner's claims are clearly barred by the statute of limitations, it is not necessary to address petitioner's alternative argument that the claims are procedurally defaulted.

Report and Recommendation.

DATED this 22nd day of June, 2006.

                                   /s/ Virginia A. Mathis
                                           Virginia A. Mathis
                                        United States Magistrate Judge